# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KINGVISION PAY-PER-VIEW CORP., LTD.,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:06-cv-657-Orl-18KRS**

**EL TORITO SUPERMARKET, INC.,**
**VICTOR MANUEL SOBERANIS,**
**ROCIO Y. SOBERANIS,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT, EL TORITO SUPERMARKET, INC. (Doc. No. 18)** |
| **FILED:** | **January 30, 2007** |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |

Despite the erroneous caption of the motion, Plaintiff KingVision Pay-Per-View Corp., Ltd., (KingVision) seeks entry of a default judgment only against Defendants Victor Manuel Soberanis and Rocio Y. Soberanis for violation of 47 U.S.C. § 553 and § 605 as a result of the unauthorized interception and broadcast of a boxing match.[1]

---

[1] Defendant El Torito Supermarket, Inc. has been dismissed from the case. Doc. No. 15.

Both § 553 and § 605 provide for civil damage actions for unauthorized interception of television signals. Signals broadcast through a coaxial cable system are within the purview of § 553. Signals broadcast through the air via radio and satellite are within the purview of § 605. *See generally Joe Hand Promotions, Inc. v. Rennard Street Enterprises, Inc.*, 954 F. Supp. 1046 (E.D. Pa. 1997). These provisions contain different statutory damage provisions and differences with respect to whether an award of attorneys' fees is discretionary or mandatory. Thus, it is important in entering a default judgment for a plaintiff to prove whether one or both of the statutes applies to the facts of a case. *See, e.g., Kingvision Pay Per View, Ltd. v. Williams*, 1 F. Supp. 2d 1481, 1484 (S.D. Ga. 1998)(finding that the evidence supported liability only under § 605, not under § 553).

The evidence in support of the motion for default judgment reflects that the broadcast at issue was sent initially by interstate satellite transmission. Affidavit of Skip M. Kauber, doc. no. 18-2, ¶ 7. Thus, it appears that only § 605, not § 553, is applicable in the present case.

Additionally, KingVision provided no analysis of when individuals can be found liable for violation of § 553 or § 605. The only evidence regarding the actions of the individual defendants is that they were owners and held the liquor license for El Torito Supermarket, Inc. It is unclear whether "owners" means that they were merely shareholders or also officers, directors or managing agents of the corporation. Without a more thorough analysis of the law as applied to the facts alleged in the complaint, the motion for default judgment is insufficient.

Accordingly, it is **ORDERED** that KingVision may file a renewed motion for default judgment, with supporting memorandum of law, on or before May 18, 2007.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties