**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KINGVISION PAY-PER-VIEW CORP., LTD.,**
          **Plaintiff,**

-vs-                                        **Case No. 6:06-cv-657-Orl-18KRS**

**EL TORITO SUPERMARKET, INC.,**
**VICTOR MANUEL SOBERANIS,**
**ROCIO Y. SOBERANIS,**
          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on Plaintiff's Motion for Default Judgment as to [Defendants Victor Manuel Soberanis and Rocio Y. Soberanis], doc. no. 18, and Plaintiff's Supplemental Brief In Support of Motion for Default Judgment, doc. no. 20.

      In May 2006, Plaintiff KingVision Pay-Per-View Corp., Ltd. ("KingVision"), filed a two-count complaint against Defendants El Torito Supermarket, Inc. ("El Torito"), Victor Manuel Soberanis, and Rocio Y. Soberanis for alleged violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 553 (Count I) and § 605 (Count II). Doc. No. 1.

      Because of problems effecting service of process on El Torito, KingVision stated that it would voluntary dismiss El Torito. Doc. No. 14. Thereafter, the Court dismissed the cause against El Torito without prejudice. Doc. No. 15.

      The complaint was served on both Victor Soberanis and Rocio Soberanis. Doc. No. 14-2, 14-3. Neither defendant responded to the complaint. Accordingly, at KingVision's request, the

Clerk of Court entered a default against both defendants. Doc. No. 17. KingVision then filed a motion for entry of default judgment against the defendants. Doc. No. 18. In support of the motion, KingVision submitted the following:

- Affidavit of Skip M. Klauber, doc. no. 18-2;

- Affidavit of Alexia Lopez, doc. no. 18-3;

- Affidavit of Marcus Corwin, doc. no. 18-4; and

- Letter from Don King Productions, Inc. to KingVision, doc. no. 18-6.

The motion was denied without prejudice and KingVision was given leave to file an amended motion for default judgment. Doc. No. 19. Rather than file a renewed motion, KingVision filed Plaintiff's Supplemental Brief In Support of Motion for Default Judgment, which addressed the deficiencies identified. Doc. No. 20. I respectfully recommend that the Court treat the supplemental memorandum as a renewed motion for default judgment against Victor Soberanis and Rocio Soberanis, incorporating by reference the relevant portions of the original motion.

In this memorandum, KingVision indicates that it is only proceeding under § 605, rather than both § 605 and § 553. *Id*. Therefore, I will only address the propriety of default judgment under § 605.

## I.     LEGAL STANDARD.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the

complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

**II.   ALLEGATIONS OF THE COMPLAINT.**

Victor Manuel Soberanis and Rocio Y. Soberanis are owners of El Torito and own the liquor license for El Torito. Doc. No. 1 ¶¶ 6-7. On May 14, 2005, El Torito broadcast the championship boxing match between Felix Trinidad and Ronald Winky Wright without authorization to do so from KingVision. *Id.* ¶¶ 15-16. KingVision was authorized, by virtue of a license agreement with the promoter, to exhibit the closed-circuit television broadcast of the match and its related undercard bouts (collectively "the Event"), and to distribute the Event to subscribers in Florida. *Id*. ¶¶ 8-9. Each of the subscribers authorized by KingVision to exhibit the Event paid KingVision for that privilege. *Id*. ¶¶ 10-11. Because the Event was electronically coded or

"scrambled," subscribers "were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event" from KingVision. *Id*. ¶¶ 12, 14.[1]

The defendants did not contract with KingVision to receive, transmit, publish, or otherwise exhibit the match and related events. *Id*. ¶¶ 13, 19. Accordingly, the defendants "willfully intercepted and/or received the interstate communications of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communications to patrons within" El Torito. *Id*. ¶ 15. This constituted misappropriation of KingVision's licensed exhibition, infringed upon KingVision's exclusive rights to distribute the transmission, and was done "willfully and with the express purpose and intent to secure a commercial advantage and private financial gain." *Id*. ¶ 16. Victor Soberanis and Rocio Soberanis "assisted with the unauthorized exhibition and use of the telecast, which is the subject matter of the instant complaint." *Id.* ¶¶ 6, 7.

Because of the defendants' conduct, patrons of El Torito were able to view the Event without going to a properly licensed establishment. *Id*. ¶¶ 17-18.

KingVision seeks statutory damages under 47 U.S.C. § 605, plus attorney's fees and costs. *Id*. Count II Prayer for Relief.

---

[1] In the evidence submitted in support of the original motion, Skip Klauber averred that the broadcast at issue was sent via interstate satellite transmission. Klauber Aff. ¶ 7.

**III.   ANALYSIS.**

*A.   Liability.*

1.   <u>Individual Liability</u>.

Count II of the complaint alleges that the defendants received and/or assisted others in receiving KingVision's transmissions in violation of 47 U.S.C. § 605(a). This provision provides, in pertinent part, as follows:

> [N]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

*Id*. The United States Court of Appeals for the Eleventh Circuit has held that § 605 "'prohibits the unauthorized third party reception of satellite transmissions intended for fee-paying subscribers.'" *Cable/Home Comm. Corp. v. Network Prod., Inc.*, 902 F.2d 829, 848 (11th Cir. 1990) (quoting *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 881 F.2d 983, 988 (11th Cir. 1989)). An individual may be liable for assisting others in receiving the transmission if he exhibits or displays a transmission without an appropriate license. *Kingvision Pay Per View, Ltd. v. Williams*, 1 F. Supp. 2d 1481, 1484 (S.D. Ga. 1998).

By failing to answer the complaint, the defendants are deemed to have admitted that they misappropriated KingVision's licensed exhibition of the Event, infringed on KingVision's exclusive rights while avoiding proper payment to KingVision, and that this conduct was committed willfully and with the purpose of securing commercial advantage and private financial

gain. *See* Doc. No. 1 ¶ 16.  Furthermore, Victor Soberanis and Rocio Soberanis are deemed to have assisted with the unauthorized broadcast. *See id.* ¶¶ 6, 7.

This is sufficient to establish the defendants' liability for a violation of § 605.

2. <u>Joint and Several Liability</u>.

KingVision requests that the defendants be held jointly and severally liable.  It appears that joint and several liability is available for violations of the Communications Act.  *See Cable/Home Comm.*, 902 F.2d at 852 (declining to disturb award of joint and several damages between corporate and individual defendants).  Accordingly, I respectfully recommend that the Court find Victor Soberanis and Rocio Soberanis jointly and severally liable for any damages awarded.

*B.     Damages*.

Upon finding a violation of § 605, the court may award damages.  47 U.S.C. § 605(e)(3)(B).  The aggrieved party may elect to receive actual damages, or statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." *Id.* § 605(e)(3)(C)(i). Furthermore, "In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation . . . ." *Id*. § 605(e)(3)(C)(ii).[2]

---

[2] Section 605(e)(3)(C)(ii) provides for statutory damages between $10,000 and $100,000 for violations of § 605(e)(4), which governs the manufacture, sale, or distribution of equipment "primarily of assistance in the unauthorized decryption of satellite cable programming."  This $10,000 minimum figure is inapplicable here because there are no allegations or evidence that the defendants manufactured, sold, or distributed decryption equipment.

In other words, statutory damages for violations of § 605 range between $1,000 and $10,000, which may be increased up to $100,000 if the court determines that the violation was willful. Under § 605, the district court has considerable discretion in determining the appropriate amount of damages. *Cable/Home Comm.*, 902 F.2d at 852 (district courts have "wide latitude" in determining statutory damages). Courts have articulated several factors to consider when determining the amount of statutory damages to be awarded for violations of either section, including "(1) whether the defendant profited as a result of his violation; (2) whether the defendant assisted or induced others in violating the statute; (3) whether the defendant's violation was willful or flagrant; (4) whether the damage award will be sufficient to deter similar conduct; and (5) whether the damage award is comparable to awards in similar cases." *DirectTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1131 (M.D. Ala. 2004) (internal citations and quotations omitted).

In the supplemental brief, KingVision suggests that the Court utilize the approach adopted in *KingVision Pay-Per-View Corp. v. Wright*, No. 8:06-cv-892-T-30MAP, 2006 U.S. Dist. LEXIS 78404 (M.D. Fla. Oct. 27, 2006). In that case, the court set the amount of statutory damages under § 605(e)(3)(C)(i) as the amount the defendant should have paid for a regular license. *Id.*, at *8-9. Because there was evidence that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court also awarded additional statutory damages under § 605(e)(3)(C)(ii) in the amount of three times the base statutory damages. *Id.*, at *9. The court reasoned that "[s]ince it appears that this is Defendant's first known violation of [§ 605] . . . an additional penalty . . . in the amount of three times the actual damages provides a sufficient deterrent to future violations by Defendant and other establishments." *Id.*, at *9 n.8.

The affidavit of Skip Klauber establishes that KingVision based the sublicense fee for receiving the Event on the maximum per person capacity of the establishment, and that the typical sublicense fee was $12.50 multiplied by the maximum capacity, plus a $200.00 technical fee. Klauber Aff. ¶ 8. The minimum sublicense fee was $1,000.00. *Id*. The affidavit of Alexia Lopez establishes that there were between fifty and sixty persons inside El Torito during the exhibition of the Event. Lopez Aff. ¶ 3.

Applying the approach set out in *Wright*, statutory damages under § 605(e)(3)(C)(i) should be awarded in the amount of $950.00 ($12.50 multiplied by 60 people[3], plus the $200.00 technical fee). Additional damages under § 605(e)(3)(C)(ii) should be awarded in the amount of $2,850.00 ($950.00 multiplied by three). This results in a total award of $3,800.00. Doc. No. 20 at 3.

    C.    *Attorney's Fees and Costs*.

Section 605 provides that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Therefore, an award of attorneys' fees is mandatory, but the court must determine a reasonable fee. Courts have consistently determined that the reasonableness determination is discretionary. *See Cable/Home Comm.*, 902 F.2d at 853-54; *Huynh*, 318 F. Supp. 2d at 1130 (citing *Dowdell v. City of Apopka*, 698 F.2d 1181, 1187 (11th cir. 1983); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)

---

[3] KingVision does not request that the Court compute the damages based on the $1,000.00 minimum sublicense fee.

(quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

Because the defendants violated § 605, an award of attorney's fees is appropriate. Marcus W. Corwin, counsel for KingVision, avers that his hourly rate is $300.00 and that he has spent a total of four hours on this case. Corwin Aff. ¶ 3. Accordingly, he requests $1,200.00 in attorney's fees. *Id*.

Attorney Corwin was also counsel in *Wright* and sought the same amount in attorney's fees in that case. 2006 U.S. Dist. LEXIS 78404, *9-10. In *Wright*, Judge Moody found both the requested hourly rate of $300.00 and the requested four hours of time to be reasonable, and awarded fees accordingly. *Id*. In the absence of objection, I recommend that the Court adopt the finding in *Wright* and award $1,200.00 in attorney's fees.[4]

---

[4] Because of the similarities between this case and *Wright*, it is appropriate to adopt the findings made in that case. However, the better practice in seeking attorney's fees is to submit evidence regarding counsel's qualifications and evidence, such as time sheets, supporting the amount of time spent in the case. Here, Attorney Corwin did not provide such evidence.

Similarly, Corwin avers that "[t]he total costs incurred to date are [$735.00] for filing fee and service of process fees." *Id*. ¶ 4. I recommend that the Court award these costs in the absence of objection.

## IV. RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that Plaintiff's Supplemental Brief In Support of Motion for Default Judgment, doc. no. 20, be construed as a renewed motion for default judgment as to Defendants Victor Manuel Soberanis and Rocio Y. Soberanis, and that the motion be **GRANTED in part**. I recommend that Count I of the Complaint (alleging a violation 47 U.S.C. § 553) be **DISMISSED**. I further recommend that the Court enter default judgment on Count II against Victor Soberanis and Rocio Soberanis, jointly and severally, for violations of 47 U.S.C.§ 605, and award damages in the amount of $3,800.00, attorney's fees in the amount of $1,200.00 and costs in the amount of $735.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 31, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy